```
             UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                    Norfolk Division
```

**HOBART M. PARKER, #348528,**

        Petitioner,

v.                                              2:08CV542

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

On July 12, 2005, in the Circuit Court of Stafford County, Virginia, petitioner was convicted of rape, rape as a principal in the second degree, armed burglary, malicious wounding, wounding in the commission of a felony as principal in the second degree, and conspiracy. Petitioner was sentenced to serve eighty-one years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on March 15, 2006, the appeal was dismissed <u>per curiam</u>, and on June 16, 2006, the decision was upheld by a three-judge panel. Petitioner then appealed to the Supreme Court of Virginia, which refused the appeal on February 26, 2007.

Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Stafford County, but on December 21, 2007, the petition

was dismissed. On July 14, 2008, petitioner appealed to the Supreme Court of Virginia, which refused the petition. Petitioner sought rehearing, which was denied by the Supreme Court of Virginia on September 17, 2008.

On November 12, 2008, petitioner filed a petition for writ of habeas corpus in this Court, and on December 19, 2008, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### **B. Grounds Alleged**

Petitioner alleges the following grounds:

1. Ineffective assistance of trial counsel, due to counsel's failure to:

    a. have the expert witness (sexual assault examiner) subpoenaed, as requested by petitioner;

    b. subpoena the DNA expert witness;

    c. explore and use certain exculpatory forensic evidence (two used condoms);

    d. object to perjured statements made by the Commonwealth's witness, Lt. William Bowler;

    e. protect petitioner's due process rights during the trial and failing to produce exculpatory evidence and witnesses in petitioner's favor;

    f. object to an improper jury instruction on the rape charge;

    g. object to the Commonwealth's attorney's improper statements during closing arguments;

    h. object to prosecutorial misconduct of knowingly and falsely using perjured statements;

    i. file a motion for miscarriage of justice, due to the Commonwealth withholding exculpatory evidence and keeping it from being tested, using the perjured statements of its witness, giving false information on exculpatory DNA evidence, and putting petitioner in double jeopardy;

   j. raise and follow the mandatory statute on double jeopardy;

   k. object to Jury Instruction D;

 2. Ineffective assistance of appellate counsel because counsel:

   a. failed to raise a miscarriage of justice claim;

   b. failed to raise a claim that the trial court committed reversible error;

   c. failed to raise a claim that the jury verdict was contrary to the evidence;

   d. failed to raise an insufficiency of the evidence claim;

   e. failed to raise a claim that the trial court erred when it did not instruct the jury on all the elements of the offense of rape;

   f. failed to raise a claim that the trial court erred when it included another individual in petitioner's jury instruction;

   g. failed to raise a claim of prosecutorial misconduct for use of perjured statements;

   h. failed to raise a claim of prosecutorial misconduct for withholding potentially exculpatory evidence from being tested;

   i. failed to raise a double jeopardy claim and a claim that the trial court erred by not following section 19.2-294 of the Virginia Code;

   j. included false information in the petition for appeal;

 3. Prosecutorial misconduct when the Commonwealth's attorney:

   a. gave the trial court fraudulent information on potentially exculpatory DNA forensic evidence;

   b. used perjured statements to secure a conviction;

   c. kept potentially exculpatory DNA forensic evidence from being tested;

 4. Conflict of interests because trial counsel refused to subpoena the SANE nurse and DNA expert;

3

     5.    Miscarriage of justice;

     6.    Insufficient evidence to support the conviction;

     7.    Court of Appeals erred in denying petitioner's petition for appeal;

     8.    Perjured affidavit by trial counsel to the Assistant Attorney General; and

     9.    The Circuit Court erred by failing to review petitioner's habeas petition, exhibits, motion for plenary hearing, and traverse.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and

**are Subject to Federal Review**.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

**D. Ineffective Assistance of Counsel**

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear. They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court. In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance." Id. at 687. The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective. First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). Petitioner must also show

actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

**1. Claims against trial counsel**

a. Claims 1(a), 1(b), and 1(e)

Petitioner alleges that trial counsel was ineffective for failing to subpoena the sexual assault examiner (Claim 1(a)), and the DNA expert (Claim 1(b)). Similarly, he alleges that trial counsel was ineffective for failing to produce exculpatory evidence and witnesses in his favor, (Claim 1(e)). The state court found, and this Court agrees, that trial counsel made reasonable tactical decisions and that petitioner has not demonstrated that there was a reasonable probability of a

different outcome. (Mem. in Supp. of Mot. to Dismiss, Ex. D at 3-4.) Trial counsel was not ineffective for not calling the witnesses to testify. Muhammed v. Warden, 646 S.E.2d 182, 195 (Va. 2007); see also United States v. Terry, 366 F.3d 312, 316 -18 (4th Cir. 2004). Petitioner cannot establish that he received deficient legal representation or that he suffered actual prejudice and, therefore, has failed to meet the deficiency and prejudice prongs of Strickland. Claims 1(a), 1(b), and 1(e) are without merit and should be DISMISSED.

### b. Claim 1(c)

Petitioner alleges that trial counsel was ineffective for failing to explore and use certain exculpatory forensic evidence (i.e., two condoms), (Claim 1(c)). The state court found, and this Court agrees, that the claim is without merit because trial counsel argued the issue of the lack of evidence, which was part of his strategy. (Mem. in Supp. of Mot. to Dismiss, Ex. D at 3-4); see also Darden v. Wainwright, 477 U.S. 168, 186 (1986); Williams v. Kelly, 816 F.2d 939 (4th Cir. 1987). Furthermore, nothing in the record indicates that counsel's actions fell outside "'the wide range of reasonable professional assistance.'" Williams, 816 F.2d at 947 (quoting Strickland, 466 U.S. at 689). Therefore, petitioner has failed to show how counsel's strategy meets either the deficiency or prejudice prongs of Strickland. Claim 1(c) is without merit and should be DISMISSED.

### c. Claims 1(d)) and Claim 1(h)

Petitioner alleges that trial counsel was ineffective for failing to object to perjured statements made by the Commonwealth's witness, Lt. William Bowler, (Claim 1(d)); and for failing to object to prosecutorial misconduct when the Commonwealth's attorney knowingly and

9

falsely used perjured statements, (Claim 1(h)). The state court expressly found, and this Court agrees, that the claim was without merit because Bowler did not commit perjury. (Mem. in Supp. of Mot. to Dismiss, Ex. D at 4-6.) Because any objection would have been meritless, trial counsel was not deficient in failing to object to the alleged perjured statements. Correl v. Commonwealth, 253 S.E.2d 352, 361 (Va. 1987). Petitioner has failed to meet both prongs of Strickland, therefore, the Claims are without merit and should be DISMISSED.

### d. Claims 1(f) and 1(k)

Petitioner alleges that trial counsel was ineffective for failing to object to an improper jury instruction on the charge of rape, (Claim 1(f)); and that trial counsel was ineffective for failing to object to Jury Instruction D, (Claim 1(k)). The state court found that both jury instructions were proper, having been taken from the Virginia Model Jury Instructions, considering the circumstances of the case. (Mem. in Supp. of Mot. to Dismiss, Ex. D at 4-6); see also Virginia Model Jury Instructions, Criminal Instruction No. G44.100. Because the instructions were proper, counsel was not ineffective in failing to object. Correl, 252 S.E.2d at 362. The claims are without merit and should be DISMISSED.

### e. Claim 1(g)

Petitioner alleges that trial counsel was ineffective for failing to object to the Commonwealth's attorney's improper statements during closing arguments. Whether to object to closing argument is strictly a matter of trial tactics. Evans v. Thompson, 881 F.2d 117 (4th Cir. 1989). It is well-established that failure to object for tactical reasons can constitute objectively reasonable trial strategy under Strickland. Humphries v. Ozmint, 397 F.3d 206, 234 (4th Cir. 2005). The

10

state court found, and this Court agrees, that trial counsel was effective in his closing argument by rebutting the Commonwealth, addressing the issues, and arguing the evidence in a light favorable to petitioner. (Mem. in Supp. of Mot. to Dismiss, Ex. D at 4-6.) Petitioner has failed to establish that counsel's failure to object to the Commonwealth's argument met either the deficiency or prejudice prongs of Strickland. The claim is without merit and should be DISMISSED.

### f. Claim 1(i)

Petitioner alleges that trial counsel was ineffective for failing to file a motion for miscarriage of justice, due to the Commonwealth (1) withholding exculpatory evidence and keeping it from being tested, (2) using perjured statements from its witnesses, (3) giving the trial court false information regarding exculpatory DNA evidence, and (4) putting petitioner in double jeopardy. The state court found, and this Court agrees, that the claims are without merit. (Mem. in Supp. of Mot. to Dismiss, Ex. D at 5-6.) Failure to file a motion does not constitute, per se, ineffective assistance of counsel. Kimmelman v. Morrision, 477 U.S. 365, 382 (1986). Petitioner cannot establish that counsel's failure to file the motion met the deficiency prong of Strickland, and furthermore, he has failed to assert any actual prejudice that resulted from trial counsel's failure to file the motion. Without any actual prejudice, the claim fails the prejudice prong of Strickland. The claim is without merit and should be DISMISSED.

### g. Claim 1(j)

Petitioner alleges that trial counsel was ineffective for failing to raise the issue of double jeopardy, barred by section 19.2-294 of the Virginia Code. Petitioner alleges that he was subjected to double

11

jeopardy by being indicted and charged with two counts of unlawful wounding and malicious wounding of one person. In fact, petitioner was charged for his own misconduct and the misconduct of his accomplice. The state court expressly found the claim to be without merit. (Mem. in Supp. of Mot. to Dismiss, Ex. D at 6.) Virginia case law holds that two counts of stabbing or cutting the same victim during the commission of a felony does not offend the double jeopardy clause because of the legislative intent in the enactment of the statute. In Hall v. Commonwealth, 421 S.E.2d 455 (Va. 1992), the Supreme Court of Virginia said:

> Hall's contention that his convictions for malicious wounding in violation of Code § 18.2-51 and aggravated malicious wounding in violation of Code § 18.2-51.2, both stemming from injuries inflicted upon Christopher Dailey, violate the double jeopardy clause is also without merit. The rule announced in Grady is inapplicable because Hall was convicted of all offenses in a single proceeding. Therefore, the sole issue is whether the punishments imposed for the malicious wounding and aggravated malicious wounding convictions offend the constitutional prohibition against multiple punishments for the same offense. Pursuant to Blockburger, no double jeopardy problem exists where each offense requires proof of a fact that the other does not. Blockburger, 284 U.S. at 304, 52 S.Ct. at 182. Hall was convicted as a principal in the second degree to the offense of aggravated malicious wounding in violation of Code § 18.2-51.2 based on the fact that his confederate shot . . . Dailey. Hall's conviction for malicious wounding of . . . Dailey in violation of Code § 18.2-51 is a separate and distinct offense in which the Commonwealth was required to prove that Hall maliciously shot, stabbed, cut, or wounded . . . Dailey. Each offense requires proof of facts not required by the other and, consequently, Hall's conviction for each comports with the dictates of the double jeopardy clause.

421 S.E.2d at 461. As in Hall, petitioner is responsible not only for his own misconduct but also for the conduct of his accomplice.

Petitioner has failed to establish that trial counsel was deficient and has failed to meet the Strickland test. The claim is without merit and should be DISMISSED.

### h. Claim 4

Petitioner alleges that trial counsel was ineffective because a conflict of interest existed between him and his counsel. He alleges that the conflict arose because trial counsel refused to subpoena the SANE nurse and the DNA expert. To prevail on a constitutional claim of ineffective assistance of counsel based on a conflict of interest, petitioner must demonstrate that the conduct resulted in prejudice, either because it arose from an actual conflict of interest or the failure to present evidence would have altered the jury's verdict. Moore v. Hinkle, 527 S.E.2d 419, 424 (Va. 2000)(citing Strickland, 466 U.S at 692). An actual conflict of interest "exists where counsel has responsibilities to other clients or personal concerns that are actively in opposition to the best interests of" petitioner. Id. The record is devoid of any evidence that counsel had any responsibilities and personal concerns that were against petitioner's best interests. Furthermore, petitioner has also failed to show that the testimony of the SANE nurse and DNA witnesses would have altered the jury verdict. Trial counsel was entitled to exercise discretion in making the tactical decision not to call the witnesses. The claim is without merit and should be DISMISSED.

### 2. Claims against appellate counsel

#### a. Claims 2(a),2(b),2(c),2(d),2(e),2(f),2(g),2(h), and 2(i)

Petitioner alleges that appellate counsel was ineffective for failing to raise a variety of claims on appeal. The Strickland standard also applies to claims of ineffective counsel by appellate counsel, but counsel's choice of which issues to raise on appeal is virtually unassailable. Goodwin v Johnson, 132 F.3d 162, 170 (5th Cir. 1997); see

13

Burger v. Kemp, 483 U.S. 776 (1987); Jones v. Barnes, 463 U.S. 745 (1983); Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985). "[A]ppellant counsel is given significant latitude to develop a strategy that may omit meritorious claims in order to avoid burying issues in a legal jungle." Burket v. Angelone, 203 F.3d 172, 189 (2d Cir. 2000). Additionally, "the attorney need not advance every argument, regardless of merit," urged by petitioner. Fitzgerald v. Bass, 366 S.E.2d 615, 625 (Va. 1988)(quoting Evitts v. Lucey, 469 U.S. 387, 394 (1985)). Petitioner cannot show that appellate counsel was deficient by failing to raise all of the claims suggested by petitioner, and he cannot show a reasonable probability of a different outcome had his appellate counsel asserted the claims. Petitioner fails to meet both prongs of Strickland, as it applies to appellate counsel. The claims are without merit and should be DISMISSED.

### b. Claim 2(j)

Petitioner alleges that appellate counsel was ineffective for including "false information" in the petition for appeal. However, counsel did not provide "false information" but simply misstated a fact in the petition for appeal. Petitioner cannot establish the Strickland prong of prejudice, since the Court of Appeals did not rely on that fact in denying his appeal. (Mem. in Supp. of Mot. to Dismiss, Ex. D at 7.) Therefore, petitioner cannot show a reasonable probability of a different outcome on appeal. Burger, 483 U.S. at 784. The claim is without merit and should be DISMISSED.

### **E. Procedural Default**

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of

Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S.Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[1] In Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v.

---

[1] The court in Bassette relied on section 8.01-654(B)(2) of the Virginia Code. Bassette, 915 F.2d at 936. Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

15

Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

### 1. Claims 3(a), 3(b), 3(c) and 5

Petitioner alleges prosecutorial misconduct because the Commonwealth's attorney gave the trial court fraudulent information on potentially exculpatory DNA forensic evidence, (Claim 3(a)); used

16

perjured statements to secure a conviction, (Claim 3(b)); and prevented potentially exculpatory DNA forensic evidence from being tested, (Claim 3(c)). Further, petitioner raises a miscarriage of justice claim, (Claim 5). The state habeas court found that the claims were substantive, which could and should have been raised at trial and on direct appeal. The court also found that pursuant to Slayton, the claims could not be raised as independent claims in a habeas corpus petition. (Mem. in Supp. of Mot. to Dismiss, Ex. D at 1-2.) A dismissal under Slayton precludes federal habeas review of the claims. Coleman, 501 U.S. at 750. The claims are procedurally defaulted and should be DISMISSED.

### 2. Claims (6), (7), (8), and (9)

Petitioner alleges that the evidence was not sufficient to support his conviction (Claim 6); that the Court of Appeals erred in denying his petition for appeal, (Claim 7); that trial counsel provided a perjured affidavit to the Assistant Attorney General, (Claim 8); and that the Circuit Court erred in failing to review petitioner's habeas petition and supporting documents, (Claim 9). The claims have never been raised in state court, but if petitioner were to return to state court at this time, he would be precluded from raising the claims. See VA. CODE ANN. §§ 8.01-654(B)(2) and (A)(2), 8.01.671(C); Va. S.Ct. R. 5:9; see also Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000). Unexhausted claims, which would be barred from consideration in state court, are simultaneously exhausted and procedurally defaulted in federal court. Bassette v. Thompson, 915 F. 2d 932, 936-37 (4th Cir. 1990). Furthermore, petitioner has failed to make a justifiable showing of cause for his failure to appeal the claims to the Court of Appeals or the Supreme Court of Virginia. Wainwright v. Sykes, 433 U.S. 72 (1977). The claims are procedurally defaulted and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

(1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                        /s/
                                  **James E. Bradberry**
                                  **United States Magistrate Judge**

**Norfolk, Virginia**

**March 3, 2009**

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

    Hobart Matthew Parker, #348528, pro se  
    Wallens Ridge State Prison  
    P.O. Box 759  
    Big Stone Gap, VA   24219

    Joanne V. Frye, Esq.  
    Assistant Attorney General of Virginia  
    900 E. Main Street  
    Richmond, VA   23219

                                    Fernando Galindo, Clerk

                                    By _____  
                                                 Deputy Clerk

                                    _____, 2009